## CIRCUIT COURT OF THE CITY OF ROANOKE

Joseph R. Owens

v.

Board of Zoning Appeals
of the City of Roanoke

April 20, 1990

Case No. CL89000482

By JUDGE CLIFFORD R. WECKSTEIN

This is a proceeding brought pursuant to the provisions of Virginia Code § 15.1-497. Joseph R. Owens, alleging that he is aggrieved by a decision of the Board of Zoning Appeals of the City of Roanoke dated April 11, 1989, filed a petition for writ of certiorari to that Board. By order entered May 12, 1989, this Court allowed the writ. The Board, by the City Attorney of the City of Roanoke, answered the petition and lodged with this Court the record of proceedings before the Board.

On February 27, 1990, a pretrial conference was held. Mr. Owens was present with his attorney. The Assistant City Attorney was present. Both attorneys agreed that no "testimony is necessary for the proper disposition of the matter," § 15.1-497, and the Court so finds. At that pretrial conference, the Assistant City Attorney agreed that the petitioner's lawyer might exhibit to the Court photographs of the subject property and of the neighborhood, which was done. Following the pretrial conference, counsel filed memoranda of law. Counsel have agreed that the case will be decided on the arguments made on February 27 and memoranda subsequently filed without further oral argument.

On February 11, 1988, Mr. Owens filed an application in which he requested "that the Board grant a special exception, under § 36.1-596 of the zoning regulations of the City of Roanoke." In this application, he applied "for a change of nonconforming use."

By order entered March 8, 1988, the Board granted the application "to permit a change of nonconforming use from a paint contractor's operation to automobile lubrication and oil service." However, in its order, the Board "advised" Mr. Owens "that this special exception is null and void one year from the date of this Order; and, if he wishes to continue the business, he must file application and request that a special exception be granted by this Board."

Therefore, on March 9, 1989, Mr. Owens filed a new application for "a special exception to the zoning regulations of the City of Roanoke, in accordance with the provisions of § 36.1-596, Code of the City of Roanoke (1979), as amended," setting forth the expiration of the earlier special exception and requesting permission to continue to use the property for automobile lubrication and oil service.

After proper procedures were followed, a hearing before the Board was held on April 11, 1989, at which the Board heard the testimony of Mr. Owens and several witnesses.

At the conclusion of the hearing, a member of the Board made the following motion:

> I move that the request for continuance of this exception be denied on the basis of the fact that it has become a nuisance, Mr. Owens has not fulfilled his obligation, his promise for operation of this for one year. It's in an inappropriate place, location, for this type of business. It's a nuisance and causes a lot of discomfort for the neighbors there, and I move that the request be denied.

Another member of the Board seconded the motion, which was carried unanimously. The Board's order, signed by all members, recited that:

In view of the testimony presented indicating that the property has been used for uses other than allowed by the Board a year ago, it was the opinion of the Board that Mr. Owens's request for permission to continue the operation must be denied.

Roanoke City Code § 36.1-596, under which Mr. Owens proceeded, provides that the Board may, as a special exception, permit change of a nonconforming use to another use not generally permitted in the district; sets forth the bases upon which such a special exception may be granted; provides that, in granting such special exception, "the board shall require guarantees that the proposed use, and the manner in which it is proposed to be conducted, shall be as proposed"; and further provides that failure to conduct the use in the manner proposed shall be grounds for revocation of the special exception.

A board of zoning appeals, acting under a delegated power to grant or refuse special exceptions and special use permits, acts in a legislative capacity. [*County Board of Arlington v. Bratic*, 237 Va. 221, 377 S.E.2d 368 (1989)] at 227, 377 S.E.2d at 371. Therefore, its action is presumed to be reasonable. The presumption is rebuttable, but it stands until surmounted by evidence of unreasonableness. *Id.* The litigant attacking the legislative act has the burden of producing probative evidence of unreasonableness. If he produces such probative evidence, the legislative act cannot be sustained unless the governing body (or in cases of this kind, the Board of Zoning Appeals) meets the challenge with some evidence of reasonableness. *Id.* The governing body is not required to go forward with evidence sufficient to persuade the factfinder of reasonableness by a preponderance of the evidence. It must only produce evidence sufficient to make the question "fairly debatable," for the legislative act to be sustained . . . .
    Whether the board of zoning appeals has exercised an administrative function in consider-

ing a variance, or a legislative function in considering an application for a special use permit, it is equally essential to the exercise of judicial review that a sufficient record be made to enable the reviewing court to make an objective determination whether the issue is "fairly debatable."

*Ames v. Town of Painter*, 239 Va. 343 (1990).

This Court has this case on the record made before the Board, together with photographs exhibited at the pretrial hearing. I am of the opinion that Mr. Owens has failed to produce probative evidence of unreasonableness. Even if one were to assume that Mr. Owens had produced such evidence, the record made before the Board clearly establishes that the question was "fairly debatable." "An issue may be said to be fairly debatable when, measured by both quantitative and qualitative tests, the evidence offered in support of the opposing views would lead objective and reasonable persons to reach different conclusions." *County Board of Arlington v. Bratic*, 237 Va. 221, 227, 377 S.E.2d 368, 371 (1989). Beyond question, there was evidence produced at the hearing from which the Board could conclude that Mr. Owens had failed to conduct the use proposed in the manner proposed. Roanoke City Code Section 36.1-596. There is more than a sufficient record upon which this Court can make an objective determination that the issue is, in fact, "fairly debatable."

Counsel, in briefing this case, have tended to treat Mr. Owens's application as one for a special exception under § 36.1-656 of the Code of the City of Roanoke, rather than as one under § 36.1-596. Arguably, at any rate, the 1989 application should have been made pursuant to the provisions of § 36.1-656. Treating the application as if it were made under that section of the City Code, the record of proceedings before the Board, and the motion unanimously adopted by the Board, demonstrates that the Board considered the criteria set forth in that section and found that the use proposed was incompatible with the character and appearance of the surrounding neighborhood by virtue of its height, bulk, location on the lot, and the design and location of parking, signage, landscaping, and other outside activities or structures. There is

evidence to support that decision, to demonstrate conclusively that that question is "fairly debatable."

Mr. Owens also argues, in his petition for a writ of certiorari, and in his memorandum of law, that the building upon the subject property cannot be used for any purpose set forth in the zoning ordinance. The Board first responds to that argument by saying that, "Such a challenge to the validity of the zoning ordinance is inappropriate under a petition to review the decision of the zoning board." I agree.

The decision of the Board of Zoning Appeals will be affirmed.